[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PROPOSED FINDINGS AND ORDERS
This court has under consideration the defendant's motion to modify child support (#255). In connection with that motion I heard evidence for the better part of the day on June 26, 1997; that hearing is to resume on July 29, 1997. In addition, I have reviewed the court file and, with the agreement of the parties and counsel, read transcripts of court proceedings on December 3 and 11, 1996, February 5 and 7 and March 11, 1997. As part of my review of the court file, I reviewed the findings of Judge Levine entered on February 27, 1997, after hearings in which testimony was adduced similar to and in some respects identical to testimony heard by me on June 26, 1997.
At the hearing on June 26, 1997 I heard the testimony of the plaintiff, both direct and cross examination, and the direct testimony of the defendant, subject to partial cross examination by counsel for the plaintiff. Based on that testimony and the exhibits introduced at that hearing, prior testimony at the hearings noted above and a review of the court file, including Judge Levine's findings. I believe that the following findings and orders are called for, and that further proceedings on this motion at this time are unnecessary.
PROPOSED FINDINGS
1. At the time the parties' marriage was dissolved on January 27, 1995 the defendant was in substantial arrears on several pendente lite orders, including $1,079.00 in child support and $3,132.00 in Social Security benefits received by her for the benefit of the minor children.
2. At the time judgment was entered the defendant was ordered to pay child support in the amount of $372.94 per week. Since that time she has paid no child support whatever voluntarily and, as of November 11, 1996, she was in arrears in the amount of $9,027.24.
3. The defendant is also in arrears for substantial amounts payable as periodic alimony, lump sum alimony and counsel fees to both the plaintiff and the attorney for the minor children.
4. The defendant has also violated orders of the court relating to child custody and visitation by removing the minor children from the state of Connecticut for a period of approximately 2 1/2 years. CT Page 7543
5. The defendant has previously been found in contempt of the court's orders and incarcerated from December 11, 1996 until April 7, 1997, when she had complied with at least some of the conditions imposed upon her by the court.
6. Based on the history of her failure to comply with court orders, there is substantial doubt as to the defendant's willingness to comply with future court orders except under the threat of incarceration.
7. There are presently pending criminal proceedings against the defendant and one other person whose testimony has been sought in this proceeding. The pendency of those criminal proceedings has limited this court's ability to obtain all relevant testimony because of the defendant's and that other person's claim of their privileges against self incrimination.
8. Although the defendant has been found to be disabled in the past, a serious question exists as to her continuing disability. The Social Security Administration and two private carriers have terminated her disability benefits, and the defendant's appeals from those determinations have not been finally resolved.
9. The defendant's actual current net weekly income is $273.00. The plaintiff's current net weekly income is $772.00. The combined net weekly income of the parties, therefore, is $1,045.00, and their basic child support obligation, according to the child support guidelines is $329.00.
10. Pursuant to the child support guidelines regulations, the defendant is a "low-income obligor", § 46b-215a-2 (b)(2), and her share of the basic child support obligation is 26% or $86.00 weekly. Also pursuant to the guidelines regulations, the defendant is entitled to an adjustment of her child support obligation in the amount of the Social Security benefits payable to the plaintiff under the defendant's account on behalf of the minor children, which the court finds to be $151.00 weekly. §46b-215a-2 (b)(b).
11. Therefore, pursuant to the child support guidelines, the defendant has no current child support obligation payable to the plaintiff. It would be inequitable and inappropriate, however not to order current payments by the defendant on the substantial CT Page 7544 child support arrearage which has accumulated.
12. Pursuant to the child support arrearage guidelines, the plaintiff must be left with a "minimum self-support reserve" of $145.00 per week. Therefore, $128.00 of her current net weekly income is available for the purpose of making payments on the arrearage.
13. Since the return of the defendant and the minor children to Connecticut in July 1996, the defendant has had no contact by phone, mail or in person with the minor children. Continuing this total absence of contact between the defendant and the minor children may not be in the children's best interests. In view of the defendant's past record of violating court orders, however, such contact requires careful monitoring.
14. The court file contains no recent orders concerning statements by either of the parties to the minor children concerning pending litigation or the other party. Such statements are detrimental to the best interests of the minor children.
15. There is pending in another division of the Superior Court a proceeding affecting the continued custody of the minor children of these parties.
PROPOSED ORDERS
1. Pursuant to Section 464 of the Practice Book, the defendant's motion to modify child support is denied without prejudice to its being reclaimed when payments on the arrearages have been made in accordance with these orders for 20 weeks. Arrearage on the current orders will continue to accumulate.
2. In lieu of the child support payment ordered at the time of the dissolution, effective August 1, 1997 through December 12, 1997, the defendant shall pay to the plaintiff $100.00 per week on the child support arrearage. In addition, the defendant shall pay to the attorney for the minor children $25.00 per week on the arrearage as to her counsel fees.
3. If the defendant fails to comply with the orders in paragraph 2, supra, without justifiable excuse, for two consecutive weeks, those orders shall terminate, the motion to modify is denied with prejudice and the orders from the dissolution decree shall immediately be effective. If the CT Page 7545 defendant fully complies with these orders, she may reclaim her motion to modify child support in sufficient time to be heard in December 1997.
4. Neither party shall make any statements to or discuss with the minor children any litigation pending in any court between the parties or involving the parties and other persons or agencies, nor shall either party make derogatory remarks to or in the presence of the children concerning the other party. Questions raised by the children shall be referred by the parties to the children's attorneys, guardians ad litem and therapist(s).
5. The defendant may write to the minor children once a week. All such letters are to be sent to them c/o their guardian ad litem in the court where the proceeding referred to in paragraph 15 of the findings, supra, is pending. Upon receipt of such letters the guardian ad litem shall promptly read them and forward them to the children if they contain no material which violates this court's orders or which the guardian ad litem considers detrimental to the children's welfare.
6. Upon receipt of any such letters which contain material violative of court orders or otherwise detrimental to the children's best interests, the guardian ad litem shall promptly return such letters to the defendant, who may petition this court for an appropriate order.
7. Until further order, this court shall exercise its discretion to abstain from hearing matters related to the continuing custody of the minor children until the proceeding pending m another division of the Superior Court, referred to in paragraph 15 of the findings, supra, has been resolved.
On July 29, 1997 counsel shall be prepared to address argument to these proposed findings and orders and raise any objections they may have to them. Counsel are also to be prepared to present any additional evidence relevant to the defendant's motion to modify child support, should the court believe additional evidence is required before making its final findings and orders. Prior to the proceeding on July 29, 1997 counsel shall arrive at a stipulation concerning the present arrearages as to child support and counsel fees of the attorney for the minor children and shall present that stipulated figure to the court on July 29, 1997. CT Page 7546
BY THE COURT
Joseph M. Shortall, J.